**Steven VLASICH, Plaintiff—Appellant,**

v.

**F REYNOSO, Sgt; et al., Defendants—Appellees.**

No. 02–16662.

D.C. No. CV–01–05197–AWI.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steven Vlasich, Corcoran, CA, pro se.

James M. Humes, Esq., AGCA—Office of the California Attorney General (SF), San Francisco, CA, for Defendant–Appellee.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

California state prisoner Steven Vlasich appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials violated his Eighth Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a screening dismissal under 28 U.S.C. § 1915A(a). *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We reverse and remand for further proceedings.

■ Vlasich alleged that he initially refused to turn over his food tray until prison officials would discuss a matter of concern with him. He further alleged that he subsequently agreed twice to turn over his food tray and placed it in the middle of his cell, and that despite his acquiescence, prison officials sprayed him six times with 7–8 second bursts of pepper spray. Viewed in the light most favorable to Vlasich, his allegations support a reasonable inference of wanton infliction of pain in violation of the Eighth Amendment. *See Whitley v. Albers,* 475 U.S. 312, 320–21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (considering the need for the application of force and the relationship between the need and the amount of force used in evaluating a claim of excessive force). The district court therefore erred in dismissing on screening Vlasich's claim of excessive force.

■ Vlasich also alleged that after being sprayed with pepper spray, prison officials hosed him off with cold water until he exhibited signs of hypothermia, and then placed him unclothed in a cold holding cell for six days without access to running water to further decontaminate himself. Plaintiff further alleged that he had no access to toilet facilities during the six

days, and was denied a mattress and blankets until the third day. Again, viewed in the light most favorable to Vlasich, his allegations are sufficient to state a claim for deliberate indifference in violation of the Eighth Amendment. *See Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir.1996). The district court therefore erred in dismissing on screening Vlasich's deliberate indifference claim.

REVERSED and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.